## CLEMENT *v.* DUDLEY.

A debtor, who sells property liable to attachment and puts the proceeds in his pocket, to prevent attachment and defraud creditors, "conceals his property so that no attachment or levy can be made," (within the meaning of section 8, chapter 185, of the Revised Statutes, amended by the Laws of 1843, chapter 35) and is liable to arrest under the statute; but he is not thus liable if he merely carries a watch and money on his person, according to his custom, in the ordinary course of business and without any fraudulent design.

MOTION for a discharge from arrest and for a discharge of bail.

The defendant was arrested upon the writ, the usual affidavit of concealment of property having been made in accordance with the statute. At the time of the arrest he had a watch worth $25 hooked into his vest in the usual manner. He had in his pocket $21, which he had had by him six months. He also had in his pocket $19, the proceeds of personal property liable to attachment, which he had sold six weeks before the arrest, when he knew that the writ in this action had been sued out. Upon demand made by the plaintiff and the officer before the arrest, he refused to expose or deliver up either the moneys or watch to be attached, saying "I guess they are in the best and safest place now."

*Quimbie*, for the defendant.

*Shirley*, for the plaintiff.

Doe, J. The defendant did not conceal the watch, or the $21, which he had had by him six months. Concealment implies something done to prevent the attachment or seizure of the property concealed. The defendant did nothing with the watch or the $21, to prevent attachment. He did not change their condition or put them where they were, to delay or defraud creditors ; but it is to be understood from the case that he merely carried them upon his person in the usual manner and as he had been accustomed to do before he anticipated any attachment of his property. He was under no legal obligation to deliver them to the officer on demand. The statute does not require the debtor to inform the officer where his property is, or to assist him in finding, or taking possession of it ; it only requires that he shall not conceal it. If he does nothing for the purpose of concealing it or preventing its attachment, he is not liable to arrest on an affidavit of concealment.

But it is to be inferred from the case that the defendant sold the personal property which was liable to attachment, and put the $19, proceeds of the sale, in his pocket where the officer could not lawfully take it, for the purpose of preventing attachment. This was as much a fraudulent concealment as if, without selling the property, he had secreted it where the officer could not find it, with intent to defraud creditors. The object of the transaction is material. The property was sold for the purpose of depriving creditors of an opportunity to attach it ; it was sold for cash and not on credit, and the trustee process would not reach it ; the money was put in the defendant's pocket, not in the ordinary course of business without

any special design, but in pursuance of an unlawful plan and for the sole and express purpose of defrauding creditors.

*Motion denied.*